IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


KYLE L. FULLERTON                                           Plaintiff

v.                              4:08CV00448 JTK

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                    Defendant


MEMORANDUM AND ORDER


        Plaintiff, Kyle L. Fullerton, has appealed the final decision of
the Commissioner of the Social Security Administration to deny his
claim for Disability Insurance benefits and Supplemental Security
Income, based on disability.  Both parties have submitted appeal
briefs and the case is ready for decision.[1]

        The Court's function on review is to determine whether the
Commissioner's decision is supported by substantial evidence on the
record as a whole and free of legal error.  Slusser v. Astrue, 557
F.3d 923, 925 (8th Cir. 2009); Long v. Chater, 108 F.3d 185, 187 (8th
Cir. 1997); see also 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial
evidence is such relevant evidence as a reasonable mind might accept
as adequate to support a conclusion.  Richardson v. Perales, 402 U.S.
389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir.
1996).

        In assessing the substantiality of the evidence, the Court must

---

        [1]The parties have consented to the jurisdiction of the Magistrate
Judge.  (Docket #20)

consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.   Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

Plaintiff alleged that he was limited in his ability to work by disk herniation, degenerative disk disease and arthritis in the back. (Tr. 87)  The Commissioner found that he was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[2] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time

---

[2]The Hon. David J. Manley.

through January 28, 2008, the date of his decision.   (Tr. 195)
Plaintiff then filed his complaint initiating this appeal.   (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 40 years old at the time of the first hearing. [3] (Tr. 168)  He obtained his General Equivalency Diploma and completed truck driving school.  (Tr. 93, 168-69)  He has past relevant work as a warehouse worker, forklift operator and quality control worker. (Tr. 87-88, 191)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.   The first step involves a determination of whether the claimant is involved in substantial gainful activity.   20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I) (2007).   If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. §§ 404.1520(b), 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.   Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If not, benefits are denied.   Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. §§ 404.1520(c), 416.920(c).

---

[3]There was a supplemental hearing almost three years later after a remand by this Court, Fullerton v. Astrue, 4:06CV00667 JFF (Judgment for Plaintiff, Sept. 27, 2007).  (Tr. 219-36)

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id. §§ 404.1520(a)(4), 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 192) He found Plaintiff had "severe" impairments, but that he did not have an impairment or combination of impairments that met or equaled a Listing. Id. He judged Plaintiff's allegations regarding his limitations were not totally credible. (Tr. 193-95)

The ALJ found that Plaintiff retained the residual functional capacity for medium work.[4] (Tr. 194) He determined that Plaintiff

---

[4]At one point in his opinion, the ALJ stated, "The fact that he may have some level of discomfort was given due consideration in reaching the finding that he would be limited to light work." (Tr. 193) The

was able to perform any of his past relevant work.  <u>Id.</u>  Thus, the ALJ concluded that Plaintiff was not disabled.  <u>Id.</u>

Plaintiff argues that the ALJ did not properly consider his joint pain under Listings 1.02 and 1.04.  (Br. 8, 10-11)  Plaintiff's brief points to no evidence in the record that would support a conclusion that he met or equaled either of these Listings.  Such a failure to cite to the record in support of an argument is waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.  As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers.  Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

<u>United States v. Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990),  <u>cert. denied</u>, 494 U.S. 1082 (1992)(citations omitted); <u>accord</u>, <u>Rotskoff v. Cooley</u>, 438 F.3d 852, 854-55 (8th Cir. 2006) (issue deemed abandoned when not developed in brief); <u>Vandenboom v. Barnhart</u>, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); <u>Perez v. Barnhart</u>, 415 F.3d 457, 462 n.4 (5th Cir. 2005) (argument waived by inadequate briefing); <u>Murrell v. Shalala</u>, 43 F.3d 1388,

---

Court views that as a cut-and-paste error, since elsewhere in the opinion, in his findings and in his hypothetical question to the vocational expert, he consistently states that Plaintiff was capable of medium work.  (Tr. 194, 195, 234)

1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); Hartmann v. Prudential Ins. Co. of America, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); Leer v. Murphy, 844 F.2d 628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned).

The Listings in question read as follows:

> 1.02 *Major dysfunction of a joint(s) (due to any cause):* Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
> A. Involvement of one major peripheral weight-bearing joint (*i.e.*, hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b;
>
> or
> B. Involvement of one major peripheral joint in each upper extremity (*i.e.*, shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c.

20 C.F.R. Pt. 404, Subpt. P, App. 1 (2007).

> 1.04 *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or

reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

or
      B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

or
      C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. (2007).

The referenced portion of 1.00B2 reads as follows:

      b. What We Mean by Inability to Ambulate Effectively

      (1) Definition.  Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities. (Listing 1.05C is an exception to this general definition because the individual has the use of only one upper extremity due to amputation of a hand.)

      (2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living.  They must have the ability to travel without companion assistance to and from a place of employment or school.  Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail.  The ability to walk independently about one's home without the use of assistive

7

devices does not, in and of itself, constitute effective ambulation. 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2007).

Even a cursory reading of these Listings reveals that Plaintiff's limitations did not approach meeting these Listings. Plaintiff has the burden of showing that he met a Listing. <u>Gonzales v. Barnhart</u>, 465 F.3d 890, 894 (8th Cir. 2006); <u>Johnson v. Barnhart</u>, 390 F.3d 1067, 1070 (8th Cir. 2004); <u>Pyland v. Apfel</u>, 149 F.3d 873, 877 (8th Cir. 1998). For a claimant to show that his impairment matches a Listing, it must meet all of the specified medical criteria; an impairment that manifests only some of the criteria, no matter how severely, does not qualify. <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). He failed to meet his burden.

Next, Plaintiff contends the ALJ erred in finding that he could perform medium work. (Br. 12-15) Plaintiff underwent a general physical examination in August of 2003. [5] (Tr. 99-105) The examination revealed he had a full range of motion in the spine and all extremities. (Tr. 102) He was neurologically intact; there was no evidence of muscle weakness or atrophy, and no sensory abnormalities were noted. (Tr. 103) Gait and coordination were good. <u>Id.</u> He had the ability to hold a pen and write, touch fingertips to palms, grip, oppose thumb to fingers, pick up a coin, stand and walk without assistive device, walk on heels and toes and squat and arise from a squatting position. <u>Id.</u> Circulation was normal; there was no edema. (Tr. 104) There was no evidence of

---

[5]The physician who performed the examination was Derek Lewis, M.D. Dr. Lewis was Plaintiff's treating physician. (Tr. 89, 97-98, 106-07, 109-14)

serious mood disorder or psychosis; he was oriented to time, person and place.  <u>Id.</u>  Dr. Lewis noted Plaintiff could sit, stand, walk, lift, carry, see, hear and speak; his limitations were "mild."  (Tr. 105)

Plaintiff's argument seeks to place the burden of proof on the Commissioner.  It is the claimant's burden, not that of the Social Security Commissioner, to prove the claimant's residual functional capacity.  <u>Goff v. Barnhart</u>, 421 F.3d 785, 790 (8th Cir. 2005); <u>Eichelberger v. Barnhart</u>, 390 F.3d 584, 591 (8th Cir. 2004); <u>Masterson v. Barnhart</u>, 383 F.3d 731, 737 (8th Cir. 2004); <u>Baldwin v. Barnhart</u>, 349 F.3d 549, 556 (8th Cir. 2003);  <u>Pearsall v. Massanari</u>, 274 F.3d 1211, 1217 (8th Cir. 2001); <u>Young v. Apfel</u>, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); <u>Anderson v. Shalala</u>, 51 F.3d 777, 779 (8th Cir. 1995).  Plaintiff did not meet his burden.

Finally, Plaintiff contends the ALJ erred in his credibility assessment.  (Br. 15-17) The ALJ evaluated Plaintiff's subjective complaints in light of <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir. 1984).[6]  (Tr. 193-95)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1.  the claimant's daily activities;

---

[6]The ALJ also cited Social Security Ruling 96-7p.  (Tr. 193)  That Ruling tracks <u>Polaski</u> and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

    2.  the duration, frequency and intensity of the pain;

    3.  precipitating and aggravating factors;

    4.  dosage, effectiveness and side effects of medication;

    5.  functional restrictions.

The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

<u>Polaski v. Heckler</u>, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability.  No evaluations showed medical conditions that were disabling.  Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints of pain gave reason to discount those complaints.  <u>Casey v. Astrue</u>, 503 F.3d 687, 695 (8th Cir. 2007); <u>Richmond v. Shalala</u>, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the type of medications taken, the lack of more treatment, Plaintiff's daily activities, his poor work record, his functional capabilities and the lack of restriction placed on Plaintiff by any physician, the ALJ could rightly discount Plaintiff's subjective complaints.  <u>See</u>, <u>e.g.</u>, <u>Guilliams v. Barnhart</u>, 393 F.3d 798, 801 (8th Cir. 2005)  (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); <u>Dunahoo v. Apfel</u>, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); <u>Dodson v. Chater</u>, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints,

ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Plaintiff contends the ALJ performed no <u>Polaski</u> analysis, but based his credibility determination almost entirely upon his review and interpretation of his medical records. (Br. 15)  The ALJ did note the lack of medical findings in support of Plaintiff's contention that he was disabled. (Tr. 193)  He also discussed aggravating factors, functional limitations, Plaintiff's daily activities, the fact Plaintiff sought little medical treatment, his reliance on over-the-counter pain medication, his poor work record and the fact he had received unemployment benefits after his last job. (Tr. 193-94)

The ALJ's credibility analysis was proper.  He followed the law and regulations, made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. <u>E.g.</u>, <u>Finch v. Astrue</u>, 547 F.3d 933, 935-36 (8th Cir. 2008); <u>Shelton v. Chater</u>, 87 F.3d 992, 995 (8th Cir. 1996); <u>Reynolds v. Chater</u>, 82 F.3d 254, 258 (8th Cir. 1996); <u>Hall v. Chater</u>, 62 F.3d 220, 224 (8th Cir. 1995).  His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. <u>Gregg v. Barnhart</u>, 354 F.3d 710, 714 (8th Cir. 2003).

Plaintiff proceeded <u>pro</u> <u>se</u> at his hearing. (Tr. 219-36)  On appeal, Attorney Randolph M. Baltz was appointed to represent Plaintiff. (Docket #8)  The Court expresses appreciation to Attorney Baltz for that representation.

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of

11

the ALJ because there is evidence in the record which contradicts his findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.   Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 9th day of July, 2010.


_____
UNITED STATES MAGISTRATE JUDGE

12

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


KYLE L. FULLERTON                                              Plaintiff

v.                                    4:08CV00448 JTK

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                       Defendant

**JUDGMENT**

Pursuant to the Order filed in this matter this date, it is Considered, Ordered and Adjudged that the decision of the Commissioner is affirmed and that Plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 9th day of July, 2010.


_____
UNITED STATES MAGISTRATE JUDGE